### MERCHANT v. ROGAN et al.

(Court of Civil Appeals of Texas. El Paso. Nov. 7, 1912.)

1. GIFTS (§ 31*)—WRITINGS—CONSTRUCTION.

Where a letter from a son to his mother, referring to the collection of notes which he held against his sister, was so indefinite and unintelligible that it could not be determined from the instrument as it stood whether a gift was intended or whether the son merely gave directions concerning the collection, the instrument cannot be given a meaning by changing the words and punctuation marks.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 58–62; Dec. Dig. § 31.*]

2. GIFTS (§ 50*)—EVIDENCE—QUESTIONS FOR JURY.

In an action to recover on notes which defendants claimed to have received as an executed gift, evidence *held* sufficient to take the case to the jury.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 101; Dec. Dig. § 50.*]

3. PRINCIPAL AND AGENT (§ 105*)—COLLECTION OF NOTES—MEDIUM OF PAYMENT.

Where a son who held notes against his sister authorized his mother to collect them in installments of $10 a week, the payments could

be made only in money, and, in the absence of special authority or ratification, board furnished by the sister to the mother could not be credited as a payment.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 298–310, 374; Dec. Dig. § 105.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by Jennie Merchant, as guardian, against William Rogan and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Cole, Wilson & Cole, of Houston, for appellant. E. M. Haralson and Hutcheson & Hutcheson, all of Houston, for appellees.

HIGGINS, J. [1] This was a suit by Jennie Merchant individually and as guardian of her son, L. W. Merchant, Jr., against William Rogan and wife, Lura T. Rogan, and against L. M. Burtt and wife, Mrs. L. M. Burtt, to recover upon two promissory notes, each in the sum of $250, executed by the said Rogan and wife, payable to Mrs. Blanche Torbert, and for foreclosure of a deed of trust on lots 23 and 24, in block 287 of Houston Heights, Harris county, Tex., which said notes on September 15, 1908, were indorsed without recourse by Mrs. Torbert to L. W. Merchant. A transfer of said notes and assignment of deed of trust was further evidenced by an assignment offered in evidence dated September 15, 1908, executed by Mrs. Torbert to L. W. Merchant. The L. W. Merchant, to whom said notes had been transferred, was the deceased father of the plaintiff, L. W. Merchant, Jr. He was also the son of Mrs. Burtt, the brother of Mrs. Rogan and the husband of Jennie Merchant, but prior to his death he had been divorced by the said Jennie Merchant. In plaintiff's petition it was alleged the defendants L. M. Burtt and wife were asserting some claim to or interest in the notes sued upon, and by the answer of the defendants it was disclosed that Burtt and wife claimed to be the owners of the notes by virtue of an alleged gift thereof made by L. W. Merchant, Sr., to his mother, Mrs. Burtt, prior to his death. The case was tried before a jury, and the court gave a peremptory instruction that the letter offered in evidence from L. W. Merchant to his sister, hereinafter referred to, operated in law as a gift to Mrs. Burtt of the notes sued upon, and they were therefore instructed to find for the defendants. The letter referred to by the trial court in his charge, and upon which he predicated his action in giving the peremptory instruction, was written in the republic of Mexico to Mrs. Rogan at Houston, Tex., is dated July 26th, 1908, and reads as follows: "Mamma informs me that you have a note due Sept. 17, 1908, for $500 and $40 interest.

Mamma asked me in case you should not be able to raise the money in August to make you this loan of $540 or in other words the money you are short of. I will do this on conditions that you give me a deed on both of your places in H. Heights or a Vendors Lein which you can pay at $10 per month at the rate of $40 per annum interest $30 the second year and $20 per year until note is paid, the $10 is to be paid to Mamma monthly and she will give you a receipt for the same should at any time you feel inclined to dispose of the property she will on payment of balance you owe deed property back to you this is to secure me in case of her death of mine the property would stand good for the money owed and go to Mamma, Now if these conditions suit you and you cannot do any better I will arrange to borrow the money to loan to you, I would prefer not having anything to do at all. I will close hoping that when this reaches you that you are well and doing well. I remain as ever, your brother, [Signed] L. W. Merchant."

This court confesses itself unable to accurately determine what was meant by Merchant by the above described letter, and we believe, if taken literally, it has no intelligible meaning upon the issue here involved. Appellant contends that by proper punctuation and interpolation of certain words and the changing of certain words in the letter, which changes, they contend, the letter itself shows, should be made in order to arrive at a correct determination of its meaning, it is clear that a gift in præsenti of the notes was not made by Merchant to his mother, but, at most, it evidenced an intention to make a future gift of the same, and was therefore void. Chevallier v. Wilson, 1 Tex. 161; Combest v. Wall, 102 S. W. 147. On the other hand, appellees contend that by making a proper punctuation of the letter its legal effect clearly indicates, not an attempted gift in future, but an absolute transfer inter vivos. It is doubtless proper in certain cases to supply words and punctuation marks and change words in written instruments, but we think it only proper, where it is clearly, or at least reasonably apparent from the context of the letter itself, that the corrections made are proper. The letter under consideration, however, furnishes no definite guide whatever by which the court would be authorized in making such interpolations, and in doing so we would be acting upon surmise merely as to what should have been the correct punctuation and phraseology of the letter. We therefore hold that the letter is unintelligible and insufficient to evidence a gift by L. W. Merchant, Sr., to his mother, Mrs. Burtt, of the notes sued upon.

[2, 3] Appellees contend that nevertheless the evidence as a whole justified such peremptory instruction. When the notes were

transferred by Mrs. Torbert, L. W. Merchant did not have the same transferred to his mother, but the notes themselves were indorsed to him, and formal assignment thereof was in his favor. Furthermore, Mrs. Burtt wrote her son, L. W. Merchant, a letter in which she says: "I went yesterday to get your papers, they are already. Haralson got the copy of the deed, but inclosed you will find this paper, which is to secure Lura against L. W. Jr. in case anything should happen to you, you go before a notary and sign this paper and send it back to me and I will go and have it recorded as you know he is your lawful heir, and without you signing this paper Lura has nothing to show should Jennie take her to court. Everything is now ready to record the papers as soon as you sign this paper before a notary and send it back to me, then must I send them to you or keep them with mine till you come." This letter was not dated, and upon its face it does not clearly disclose to what paper she was referring, but in her cross-examination it is disclosed that she must have had reference to the Torbert notes. The testimony of Mrs. Burtt and of Herbert Sansom, her grandson, supports the contention that these notes were given by L. W. Merchant, Sr., to his mother, but it was not sufficient to authorize a peremptory instruction to that effect in view of the fact that the notes and deed of trust were assigned to L. W. Merchant, Sr., direct, and in view of the letter written by Mrs. Burtt to him above quoted, and it was a question for the jury to determine under all of the circumstances whether or not the notes sued upon belonged to Mrs. Burtt or the estate of L. W. Merchant, deceased, which is represented by the plaintiff in this cause. It was further contended by defendants that the notes sued upon were entitled to a credit of $240 for board furnished by Mrs. Rogan to her mother, Mrs. Burtt, for 12 months at the rate of $20 a month, which board was furnished prior to the death of L. W. Merchant. Under the letter written by Merchant to his sister, it is clearly apparent that the notes were to be paid in monthly installments of $10 each, and that Mrs. Burtt was authorized to collect same. If she was the owner of the notes, the question whether or not she was authorized to accept payment in the manner indicated becomes immaterial. On the other hand, if the jury should find that she was not the owner of the notes, then it is a material question, and in the absence of some evidence indicating that Merchant authorized her to accept payment by boarding with his sister, or of a ratification of payment being made in that way, such credit should not be allowed, as she would ordinarily be authorized only to accept payment in cash.

Appellees' cross-assignments of error are overruled.

Reversed and remanded.

HARPER, C. J., did not participate in this decision.